# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-1537 CSX Transportation, Inc. v. Norfolk Southern Railway, et al. |
| **Originating No. & Caption** | 2:18-cv-00530-MSD-RJK CSX Transportation, Inc. v. Norfolk Southern Railway Company, et al. |
| **Originating Court/Agency** | U.S. District Court, Eastern District of Virginia, Norfolk Division |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S. Code § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 4/19/2023 | |
| Date notice of appeal or petition for review filed | 5/16/2023 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

CSX Transportation, Inc. (CSX) sued Norfolk Southern Railway Company (NS) and Norfolk & Portsmouth Belt Line Railway (NPBL) for violations of the Sherman Act and Virginia law based on defendants' actions to block CSX from reasonably accessing on-dock rail at Norfolk International Terminals, the largest terminal at the Port of Virginia. CSX sought damages and injunctive relief. After discovery and on motion for summary judgment, the district court found triable issues on the existence of a continuing conspiracy but granted NS and NPBL summary judgment on CSX's damages claims, finding that CSX's damages model did not show new and accumulating harm caused by overt acts within the limitations periods.

The district court later dismissed CSX's claim for injunctive relief under the Clayton Act on the ground that only the United States can seek such relief. Finally, the district court dismissed CSX's claims for injunctive relief under state law, which resulted in entry of final judgment.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. The district court held that CSX presented triable evidence of anticompetitive acts in violation of the Sherman Act occurring within the statute of limitations and of damages flowing from defendants' exclusion of CSX from the market during that period. But the district court precluded CSX from recovering damages for its exclusion from the market because the court concluded that anticompetitive acts of the same defendants also had caused CSX to be excluded from the market outside the limitations period. Did the district court err as a matter of law in concluding that market-exclusion damages are unavailable for an ongoing conspiracy and anticompetitive activity within the limitations period if that conspiracy and other anticompetitive activity began outside the limitations period.

2. Did the district court err in concluding that NS possessed immunity from private claims for injunctive relief under the Clayton Act.

3. Did the district court err in dismissing CSX's claims for injunctive relief under state law on the ground that corresponding damages claims were time-barred.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Norfolk Southern Railway Company<br><br>Attorney: Shay Dvoretzky<br>Address: Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Ave., NW<br>Washington, DC 20005<br><br>E-mail: shay.dvoretzky@skadden.com<br><br>Phone: (202) 371-7370 | Adverse Party: Norfolk Southern Railway Company<br><br>Attorney: Parker Rider-Longmaid<br>Address: Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Ave., NW<br>Washington, DC 20005<br><br>E-mail: parker.rider-longmaid@skadden.com<br><br>Phone: (202) 371-7061 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: Norfolk Southern Railway Company<br><br>Attorney: Hanaa Khan<br>Address: Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Ave., NW<br>Washington, DC 20005<br><br>E-mail: hanaa.khan@skadden.com<br><br>Phone: (202) 371-7042 | Adverse Party: Norfolk Southern Railway Company<br><br>Attorney: Alan Wingfield<br>Address: TROUTMAN PEPPER HAMILTON SANDERS LLP<br>1001 Haxall Point<br>Richmond, Virginia 23219<br><br>E-mail: alan.wingfield@troutman.com<br><br>Phone: (804) 697-1200 |

<u>CSX Transportation, Inc. v. Norfolk Southern Railway, et al.</u>
<u>23-1537</u>

<u>Adverse Parties (continued)</u>:

Adverse Party: Norfolk Southern Railway Company

Michael E. Lacy
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
michael.lacy@troutman.com
(804) 697-1326

John C. Lynch
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
john.lynch@troutman.com
(757) 687-7765

Megan E. Burns
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
megan.burns@troutman.com
(757) 687-7778

Kathleen M. Knudsen
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
kathleen.knudsen@troutman.com
(757) 687-7759

Adverse Party: Norfolk Portsmouth Beltline Railway

James L. Chapman, IV
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
jchapman@cwm-law.com
(757) 623-3000

W. Ryan Snow
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
wrsnow@cwm-law.com
(757) 623-3000

Alexander R. McDaniel
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
amcdaniel@cwm-law.com
(757) 623-3000

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: CSX Transportation, Inc.<br><br>Attorney: Benjamin L. Hatch<br>Address: McGuireWoods LLP<br>101 West Main Street, Ste. 9000<br>Norfolk, Virginia 23510<br><br>E-mail: bhatch@mcguirewoods.com<br><br>Phone: (757) 640-3727 | Name: CSX Transportation, Inc.<br><br>Attorney: Robert W. McFarland<br>Address: McGuireWoods LLP<br>101 West Main Street, Ste. 9000<br>Norfolk, Virginia 23510<br><br>E-mail: rmcfarland@mcguirewoods.com<br><br>Phone: (757) 640-3716 |
| **Appellant (continued)** | |
| Name: CSX Transportation, Inc.<br><br>Attorney: Evan M. Tager<br>Address: Mayer Brown LLP<br>1999 K Street, NW<br>Washington, DC 20006-1101<br><br>E-mail: etager@mayerbrown.com<br><br>Phone: (202) 263-3240 | Name: CSX Transportation, Inc.<br><br>Attorney: Charles A. Rothfeld<br>Address: Mayer Brown LLP<br>1999 K Street, NW<br>Washington, DC 20006-1101<br><br>E-mail: crothfeld@mayerbrown.com<br><br>Phone: (202) 263-3233 |

Signature: /s/ Benjamin L. Hatch     Date: June 1, 2023

Counsel for: CSX Transportation, Inc.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

**I certify that a true and correct copy of the foregoing was served on counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

Signature: /s/ Benjamin L. Hatch     Date: June 1, 2023

<u>CSX Transportation, Inc. v. Norfolk Southern Railway, et al.</u>
<u>23-1537</u>

<u>Appellant (continued):</u>

Appellant: CSX Transportation, Inc.

Michael A. Scodro
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
mscodro@mayerbrown.com
(312) 701-8886