No. 23-1537

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CSX TRANSPORTATION, INC., individually and on
behalf of Norfolk & Portsmouth Belt Line Railroad Company,

*Plaintiff-Appellant,*

v.

NORFOLK SOUTHERN RAILWAY COMPANY; NORFOLK &
PORTSMOUTH BELT LINE RAILWAY COMPANY,

*Defendants-Appellees.*

Appeal from Order of the United States District Court
for the Eastern District of Virginia
No. 2:18-cv-0530 (Davis, J.)

## CONSENT MOTION FOR LEAVE TO
## FILE A DEFERRED APPENDIX

Benjamin L. Hatch
Robert W. McFarland
McGuire Woods, LLP
101 W. Main Street, Ste. 9000
Norfolk, VA 23510
Telephone: (757) 640-3700

Michael A. Scodro
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8886

Charles A. Rothfeld
Evan M. Tager
Carmen N. Longoria-Green
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
crothfeld@mayerbrown.com

*Attorneys for Plaintiff-Appellant*

Pursuant to Federal Rule of Appellate Procedure 30(c) and Fourth Circuit Rule 31(d)(3), Plaintiff-Appellant CSX Transportation, Inc. (CSXT) seeks leave to file a deferred joint appendix. In support of this motion, CSXT states as follows:

1. Under the Court's briefing order filed July 21, 2023, the joint appendix is currently due on August 31, 2023.

2. Pursuant to the procedure outlined in Federal Rule of Appellate Procedure 30(c), "preparation of the appendix may be deferred until after the briefs have been filed" and, if that happens, "the appendix may be filed 21 days after the appellee's brief is served."

3. A deferred appendix is particularly appropriate in this case given the voluminous record, the scope of issues that are subject to appeal, and this Court's admonition that the parties shall not include unnecessary appendix materials. *See* Fourth Circuit Rule 30(a), (b)(1); *see also* Fed. R. App. P. 30(b)(1) ("The parties must not engage in unnecessary designation of parts of the record . . . .").

4. This appeal marks the culmination of nearly five years of litigation between three parties. The appeal follows the district court's

2

decision on summary judgment; the summary judgment record contains more than 3,520 pages.

5.  Designating appendix materials before the briefs are filed would require the parties to broadly designate materials based on their best sense of the arguments that will be made and of which record materials will be relevant to them. The parties would naturally have to err on the side of overinclusion and, given the size of the record, the result would likely be the sort of over-inclusive joint appendix that this Court disfavors.

6.  A deferred joint appendix, following the guidelines established by Fed. R. App. P. 30(c), would ensure that the appendix is limited to the parts of the record identified by the parties in their briefs. *See* Fourth Circuit Rule 30(b)(1) ("[C]itation to portions of the record not included in the appendix is not favored."). A deferred joint appendix therefore will facilitate the Court's review of the issues while conserving party resources. *See id.* ("The use of a selectively abridged record allows the judges to refer easily to relevant parts of the record and saves the parties the considerable expense of reproducing the entire record.").

7. Defendants-Appellees Norfolk Southern Railway Company and Norfolk & Portsmouth Belt Line Railway Company consent to the relief requested in this motion.

## CONCLUSION

The Court should grant the unopposed motion to file a deferred appendix.

Dated: August 21, 2023

Respectfully submitted,

Benjamin L. Hatch
Robert W. McFarland
McGuire Woods, LLP
101 W. Main Street, Ste. 9000
Norfolk, VA 23510
Telephone: (757) 640-3700

/s/ *Charles A. Rothfeld*
Charles A. Rothfeld
Evan M. Tager
Carmen N. Longoria-Green
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
crothfeld@mayerbrown.com

Michael A. Scodro
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-8886

*Attorneys for Plaintiff-Appellant*

4

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this motion:

(i) complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 411 words, excluding the parts exempted by Rule 32(f); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 2016 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Dated: August 21, 2023              /s/ *Charles A. Rothfeld*
                                    Charles A. Rothfeld

## CERTIFICATE OF SERVICE

I certify that on this 21st day of August, 2023, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ *Charles A. Rothfeld*
Charles A. Rothfeld